IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN OF TEXAS
FT. WORTH DIVISION

DAVID MALONE,

    Plaintiff,

v.                                                C.A. No.: 4:17-cv-188

M&M DIVERSIFIED, INC.,
MARC BUYERS, and ABEE BUYERS,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID MALONE (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, hereby sues Defendants, M&M DIVERSIFIED, INC., MARC BUYERS, and ABEE BUYERS (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This Court enjoys federal question jurisdiction under 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, M&M DIVERSIFIED, INC., has offices located in Ft. Worth, Texas.

## THE PARTIES

4. Plaintiff, DAVID MALONE, is an individual residing in Ft. Worth, Texas.

5. Plaintiff, DAVID MALONE, was at all times material employed by Defendants from April 2, 2010, through June 13, 2016, as an Automobile Service Technician at the rate of $14.50 per hour. Some of Plaintiff's principle duties were to provide service, maintenance and repair for automobiles and light trucks for customers of the Defendants.

6. Defendant, M&M DIVERSIFIED, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

7. Defendant, M&M DIVERSIFIED, INC., operates a company that primarily provides provide service, maintenance and repair for automobiles and light trucks and is an employer as defined by 29 U.S.C. § 203(d).

8. At all times material to this complaint, Defendant, M&M DIVERSIFIED, INC., employed two or more employees.

9. At all times material to this complaint, Defendant, M&M DIVERSIFIED, INC., had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, M&M DIVERSIFIED, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s

11. Additionally, Plaintiff individually engaged in commerce through the use of goods and products that have moved in interstate commerce and through his use of the channels of interstate commerce, e.g., telephones and other digital devices necessary to order parts.

12. Defendant, MARC BUYERS and ABEE BUYERS, are individuals who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, M&M DIVERSIFIED, INC., in relationship to Plaintiff.

13. Defendant, MARC BUYERS and ABEE BUYERS, hired and/or fired the Plaintiff. Defendant, MARC BUYERS and ABEE BUYERS, also supervised and controlled Plaintiff's work schedule as well as the schedule and rate and method

of payment for Plaintiff.

14. Defendant, MARC BUYERS and ABEE BUYERS, was employers of the Plaintiff as defined by the Fair Labor Standards Act.

15. At all times material to this Complaint, the Defendants were the employer of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

16. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

17. Throughout his employment with the Defendants, Plaintiff worked in excess of forty hours per workweek, yet was not adequately compensated for all work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

18. Defendant willfully deprived Plaintiff of the overtime wages he was due under the FLSA.

19. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

20. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

21. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

22. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

23. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

24. Plaintiff has retained the law firm of Ross Law, P.C., to represent him in this action and has agreed to pay said firm a reasonable attorney's fee for its services. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit,

all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendant pursuant to 29 U. S. C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DAVID MALONE, demands Judgment, jointly and severally, against Defendants, M&M DIVERSIFIED, INC., and MARC BUYERS and ABEE BUYERS, for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of unpaid overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. Any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, DAVID MALONE, demands a jury trial on all issues so triable.

Respectfully submitted, February 28, 2017.

**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810


Steven R. Samples
Texas Bar No. 24086348
Samples Ames PLLC
1512 Crescent Drive, Suite 119
Carrollton, Texas 75006
Phone: (214) 308-6505
Fax: (855) 605-1505
**ATTORNEYS FOR PLAINTIFF**